ERNEST ARMSTRONG v. STATE OF OHIO.

**Accused Can Not Demand that He be Present at the Hearing of Motion for New Trial as Constitutional Right.**

> The hearing of a motion for a new trial is not a part of the trial; hence the presence at the hearing of such motion of one convicted of a crime is not necessary and it is error for the trial judge to refuse to hear and determine same on account of accused's absence.

ERROR to common pleas court.

*Rulison & Rose,* for plaintiff in error:

Cited and commented upon by the following authorities: *Lee* v. *State,* 32 Ohio St. 113; *Ammon* v. *Johnson,* 2 Circ. Dec. 149 (3 R. 263); *Bassett* v. *United States,* 76 U. S. (9 Wall.) 39 [19 L. Ed. 548]; *Lange, Ex parte,* 85 U. S. (18 Wall.) 163 [21 L. Ed. 872]; 12 Cyc. 783; Wharton, Crim. Proc. (9 ed.) Sec. 913; *Millikin* v. *State,* 21 Ohio St. 637; 29 Cyc. 727; *United States* v. *Malane,* 9 Fed Rep. 897; *Holmes, Ex parte,* 21 Neb. 324 [32 N. W. Rep. 69]; *Hogue* v. *State,* 13-23 O. C. C. 567 (3 N. S. 315); *Lisberger* v. *State,* 29 O. C. C. 394 (10 N. S. 66); *Davis* v. *State,* 19 Ohio St. 270; *Palmer* v. *State,* 42 Ohio St. 596; *Jones* v. *State,* 26 Ohio St. 208; 1 Bishop, Crim. Proc. (3 ed.) Sec. 276; 6 Am. & Eng. Enc. Law (2 ed.) 997; *State* v. *Hoffman,* 78 Mo. 256; *State* v. *Lewis,* 80 Mo. 110; *Sweat* v. *State,* 4 Tex. App. 617; *Berkley* v. *State,* 4 Tex. App. 122; *Gibson* v. *State,* 3 Tex. App. 437; *Hooker* v. *Commonwealth,* 54 Va. (13 Gratt) 763; *Rolls* v. *State,* 52 Miss. 391.

*Thos. L. Pogue,* Pros. Atty., and *Simon Ross,* Asst. Pros. Atty., for defendant in error.

## JONES, J.

We are of the opinion that the court erred in refusing to hear and determine the motion for a new trial on its merits, and,

Armstrong v. State.

until such hearing by the trial court, this court is without juris-
diction to pass upon alleged errors occurring at the trial.

The plaintiff in error has a statutory right to have his
motion determined in the court below. But we hold that he has
no constitutional right to be present at the hearing, as same is
no part of the trial.

The court below is, therefore, directed to hear and pass upon
the motion for a new trial upon the grounds therein stated.

**Smith** and **Swing, JJ.,** concur.